UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CORNELIOUS E. DEGEFFERD,

Plaintiff,

v.

LAKE COUNTY JAIL, IONKAR,
BROWN, JOHN DOE, ANDERSON,

Defendants.

CAUSE NO. 2:26-CV-010-GSL-APR

OPINION AND ORDER

Cornelious E. Degefferd, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Degefferd, who is currently incarcerated at the Westville Correctional Facility, complains about events that happened at the Lake County Jail. On December 9, 2025, inmates on the medical unit were taken for showers beginning at 7:20 PM. Because he was confined to a wheelchair, Degefferd was told to wait for a handicap shower seat. At midnight, he was informed that Officer Lonkar had stopped allowing inmates to

shower for the evening. The next morning as breakfast was being passed out, Degefferd reached though the food slot and asked for a "sergeant or white shirt." ECF 1 at 2. Officer Lonkar arrived and started kicking the slot, so Degefferd yelled louder. Officer Lonkar continued to "attack" Degefferd's arm with so much force that his hand was "bleeding all over." *Id*. He repeatedly ran backwards and forwards, kicking Degefferd's hand/arm and spraying him with mace. This continued for about thirty minutes. Degefferd believes the incident had a "racial overtone" and that Officer Lonkar was trying to "break my arm off." *Id*. at 3. He says Officer Lonkar's partner—Officer Jane Doe, who is not named as a defendant in this case—"never tr[ied] to step in to stop as they stood by and watch[ed]." *Id*. at 3. Sergeant Duffy—who is also not named as a defendant—eventually arrived on the scene and took photos and videos of Degefferd's injuries. He was immediately taken to the infirmary where he received medical treatment for a "very large cut" and nerve damage. *Id*.

About a week later, on December 18, 2025, Officer Lonkar and "another OFC" appeared at Degefferd's cell during rounds. *Id*. Degefferd asked Officer Lonkar to stay away from him. The other officer "just allow[ed]" Officer Lonkar to open his food slot and throw his breakfast on the floor. Degefferd ultimately blames Warden Brown for allowing Officer Lonkar to work his shift near Degefferd's cell after the incident, and he believes he condoned the behavior and used it as a "training model for Lake County Jail" officers. *Id*. at 4. He has sued the Lake County Jail, Officer Lonkar, Warden Brown, Sergeant John Doe, and Sergeant Anderson for damages.

A pretrial detainee states a Fourteenth Amendment excessive force claim by alleging: (1) the defendant "intended to commit the physical act that caused the alleged injury" and (2) the use of force was objectively unreasonable. *Pittman v. Madison Cnty.*, 108 F.4th 561, 570 (7th Cir. 2024) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 395–97 (2015)). As to the first prong, negligent acts cannot lead to liability. *Id.*; *see also Miranda*, 900 F.3d at 353 ("[N]egligent conduct does not offend the Due Process Clause[,]" and allegations of negligence, even gross negligence, do not suffice.). With regard to the second prong, "[a] jail official's response . . . is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley*, 576 U.S. at 398). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Such factors include the relationship between the need for force and the amount of force used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Kingsley*, 576 U.S. at 397. "[N]ot every use of force is a punishment: 'Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention.'" *Husnik v. Engles*, 495 Fed. Appx. 719, 721 (7th Cir. 2012) (quoting *Bell*, 441 U.S. at 537).

Accepting Degefferd's allegations as true at this early pleading stage, the court finds he has stated a plausible claim of excessive force against Officer Lonkar. He will be allowed to proceed against Officer Lonkar in his individual capacity for monetary

3

damages. The same cannot be said of the other defendants. Degefferd may not proceed against the Lake County Jail because it is a building rather than a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). As to Warden Brown, while Degefferd speculates Warden Brown "condone[d]" the attack, he doesn't plausibly suggest he participated in it or otherwise allowed it to happen. The Warden can't be held liable simply because he oversees the Jail or its shift scheduling. *See Moderson v. City of Neenah*, 137 F.4th 611, 617 (7th Cir. 2025) ("A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation.") (citation omitted)); *see also Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009) (there is no general respondeat superior liability under 42 U.S.C. § 1983).[1]

Similarly, although Sergeant Anderson and Sergeant John Doe are named as defendants in the caption of the complaint, they aren't mentioned anywhere in the body of the complaint. Without additional details, it's not clear what they did (or didn't do), so it's not plausible to infer they violated Degefferd's constitutional rights. *See Moderson*, 137 F.4th at 617; *see also Taha v. Intl. Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) ("[A] complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotations marks and citations

---

[1] To the extent he is seeking some sort of injunctive relief against Warden Brown, this claim has been mooted by Degefferd's transfer (ECF 5). *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (prisoner's transfer renders request for injunctive relief moot unless he can non-speculatively demonstrate he is likely to be transferred back); *see also Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("live controversy must continue to exist at all stages of review, not simply on the date the action was initiated").

omitted)); *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) ("A plaintiff must include adequate factual detail to lift his claims from mere speculative possibility to plausibility.") (citing *Ashcroft*, 556 U.S. at 678) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")).

Finally, Degefferd may be attempting to bring a claim based on the fact that he wasn't allowed to shower between 7:20 PM and midnight on December 9, 2025. However, the Seventh Circuit has noted "[t]he importance of the daily shower to the average American is cultural rather than hygienic . . .." *Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988); *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (offering inmates only weekly showers isn't a constitutional violation). Thus, missing one shower over the course of five hours doesn't violate the Fourteenth Amendment. *See Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019) (a condition must, objectively, rise to a certain level before the Fourteenth Amendment is implicated); *Roundtree v. Dart*, No. 23-2576, 2025 WL 401207, at *3 (7th Cir. Feb. 5, 2025) (An objectively serious condition under the Fourteenth Amendment requires sufficient "severity and duration" to rise to the level of a constitutional concern.).

For these reasons, the court:

(1) GRANTS Cornelious E. Degefferd leave to proceed against Officer Lonkar in his individual capacity for compensatory and punitive damages for subjecting him to excessive force on December 9–10, 2025, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Lake County Jail, Warden Brown, Sergeant John Doe, and Sergeant Anderson;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Lonkar at the Lake County Jail, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Lake County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Lonkar to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 6, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

6